IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMY BANDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-13-1173-C |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the United States | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed suit against Defendant pursuant to 42 U.S.C. § 2000e-16, alleging racial and sex discrimination by a federal agency in violation of Title VII of the Civil Rights Act of 1964. Before the Court are Defendant's Motion and Brief for Summary Judgment (Dkt. Nos. 36 & 37), filed on September 2, 2014. Plaintiff has responded, and Defendant has filed a reply. The motion is now at issue.[1]

I. BACKGROUND

Plaintiff, a Caucasian woman, is a claims representative for the Social Security Administration ("SSA") in the Oklahoma City office. In October 2012, Plaintiff applied, but was not selected, for promotion to position of Technical Expert. Fourteen employees applied for the Technical Expert position. Using an automated rating procedure, SSA's Human

---

[1] Plaintiff has requested that the Court strike Defendant's brief in its entirety because it is oversized. Pursuant to LCvR7.1(e), opening and response summary judgment briefs "shall not, without leave of court, exceed 30 pages." Defendant's brief is 32 pages long. The Court denies Plaintiff's request.

Resources Department found that thirteen of the applicants, including Plaintiff and the selected candidate Stephen Gaines, were qualified for the position. Human Resources provided a list of the thirteen qualified candidates to the selecting official, District Manager Michael Griffin. Griffin also is Plaintiff's third-line supervisor. Griffin was free to select for promotion any of the listed candidates. Griffin, an African American male, selected candidate Gaines, an African American male. On December 10, 2012, Plaintiff filed a formal equal employment opportunity complaint of discrimination based on her non-selection for the Technical Expert position, "filled under Vacancy Announcement Number ST-739882-262-12-DAL." (Def.'s Br., Dkt. No. 37, Ex. 6, at 1.) Plaintiff exhausted her administrative remedies, as required by 29 C.F.R. § 1614.101 et seq., before timely filing the current action on November 11, 2013. Discovery is complete, and the case is scheduled for trial on November 4, 2014.

Defendant argues the Court should grant its Motion for Summary Judgment (Dkt. No. 37) because (1) Defendant had a legitimate, non-discriminatory basis for Plaintiff's non-selection, (2) Plaintiff has not produced sufficient evidence to defeat a motion for summary judgment, and (3) Plaintiff has exhausted administrative remedies for a single, discrete claim of non-selection. Plaintiff argues that the evidence supports an inference that Defendant's basis for non-selection is pretextual and asks the Court to deny judgment in the Defendant's favor.[2]

---

[2] Plaintiff did not move for summary judgment so the Court will interpret Plaintiff's request for "Judgment in favor of Plaintiff and against the Defendant," as a request for denial of Defendant's

## II.  STANDARD OF REVIEW

Summary judgment is properly granted if the movant shows that no genuine dispute as to any material fact exists and that the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it affects the disposition of the substantive claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion and of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted).  If the movant satisfactorily demonstrates an absence of genuine issue of material fact with respect to a dispositive issue for which the non-moving party will bear the burden of proof at trial, the non-movant must then "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'"  Id. at 324.  These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves."  Id.  Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992).  When considering a motion for summary judgment, a court must "'view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.'"  Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220,

---

Motion for Summary Judgment.  (See Pl.'s Resp., Dkt. No. 44, at 30.)

1225 (10th Cir. 2000) (quoting Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999), *abrogated on other grounds by* Eisenhour v. Weber Cnty, 739 F.3d 496 (10th Cir. 2013)).

### III. ANALYSIS

Title VII of the Civil Rights Act of 1964 prohibits discriminatory employment practices. See 42 U.S.C. § 2000e-16. It does not guarantee employment regardless of qualifications, but "'[w]hat is required by Congress is the removal of artificial, arbitrary, and unnecessary barriers to employment when the barriers operate invidiously to discriminate on the basis of racial or other impermissible classification.'" McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-01 (1973) (quoting Griggs v. Duke Power Co., 401 U.S. 424, 429 (1971). Plaintiff's complaint alleges that Defendant engaged in prohibited discriminatory employment practices and decided to not select Plaintiff for promotion based on her gender and race. Because Plaintiff uses indirect evidence to prove her case, the Court must utilize the burden-shifting framework established in McDonnell Douglas. Under this framework, Plaintiff bears the burden of establishing a prima facie case of unlawful discrimination by showing "'(1) [s]he is a member of a protected class; (2) [s]he applied for and was qualified for the particular position; (3) [s]he was not promoted despite [her] qualifications; and (4) the position was filled or remained open after [she] was rejected.'" Jaramillo v. Colo. Judicial Dep't., 427 F.3d 1303, 1306-07 (10th Cir. 2005) (quoting Cross v. The Home Depot, 390 F.3d 1283, 1286 (10th Cir. 2004)). Although "Title VII's protection is not limited to those individuals who are members of historically or socially disfavored groups," several courts

4

have modified the standard McDonnell Douglas prima facie case formulation in cases based on "reverse discrimination" claims. Notari v. Denver Water Dep't., 971 F.2d 585, 588 (10th Cir. 1992). Plaintiff "must, in lieu of showing that [s]he belongs to a protected group, establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority." Notari, 971 F.2d at 589. Defendant admits that Plaintiff can establish a prima facie case of racial discrimination. (Def.'s Br., Dkt. No. 37, at 12.) Plaintiff admits that gender was not a factor in her non-selection. (Pl.'s Resp., Dkt. No. 44, at 13.) Thus, the Court will grant summary judgment in favor of Defendant on Plaintiff's gender discrimination claim. The Court now will focus solely on Plaintiff's racial discrimination claim.

Because Plaintiff has established a prima facie case of discrimination, "[t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." McDonnell Douglas, 411 U.S. at 802. If Defendant does, the Plaintiff can withstand summary judgment if Plaintiff shows "there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual—i.e. unworthy of belief." Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995).

A. Legitimate, Non-Discriminatory Purpose

To sufficiently meet the burden of articulating a legitimate, nondiscriminatory reason for the employment action, Defendant "must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection." Texas Dep't of Cmty. Affairs

5

v. Burdine, 450 U.S. 248, 255 (1981). Defendant does not have to prove to the Court that "it was actually motivated by the proffered reasons." Id. at 254. Defendant states that Griffin based the selection primarily on the candidates' resumes. Griffin testified that Gaines' resume created a more favorable impression than Plaintiff's resume did. Plaintiff's resume contained two misspellings, including the title of the position being sought. (See Def.'s Br., Dkt. No. 37, Ex. 3; see also Pl.'s Resp., Dkt. No. 44, Ex. 19.) Defendant asserts that Griffin found no misspelled words in Gaines' resume. Griffin testified that the page numbering and formatting of Plaintiff's resume were confusing and distracting because multiple pages contained the same page number and several pages had large blank spaces. Griffin stated that the information was disconnected and not tightly formatted. Comparing Plaintiff's resume to Gaines', Griffin asserted the following: (1) Plaintiff listed awards received but failed to describe how she earned them; (2) Plaintiff focused on past contributions, while Gaines focused on present contributions; (3) Gaines' resume highlighted activities in providing training and technical guidance to co-workers more than Plaintiff's resume did; and (4) Gaines described his contributions in resolving complex and difficult issues while Plaintiff did not. Defendant argues that Plaintiff's resume demonstrated a lack of attention to detail, failure to invest adequate time and effort, failure to review a work product, and failure to take advantage of the software's spell check feature. Plaintiff denies Defendant's description of her resume but acknowledges that an "aesthetically pleasing application may constitute a facially legitimate, non-discriminatory reason for an

employment decision." (Pl.'s resp., Dkt. No. 44, at 22). Accordingly, Defendant has clearly articulated a legitimate, nondiscriminatory reason for Plaintiff's non-selection.

B.  Evidence of Pretext

Because Defendant has clearly articulated a legitimate, nondiscriminatory reason for its decision, the burden of proof switches to Plaintiff. To survive Defendant's Motion for Summary Judgment, Plaintiff must "show that the defendant['s] reasons are a pretext for discrimination, *i.e.*, the proffered reasons were not the true reasons for the hiring decision." Drake v. City of Fort Collins, 927 F.2d 1156, 1160 (10th Cir. 1991). "Plaintiff may meet this burden directly by a showing that racial discrimination actually motivated the defendant[], or indirectly by demonstrating that the defendant['s] reasons are unworthy of belief." Id. (citing Carey v. U.S. Postal Serv., 812 F.2d 621, 626 (10th Cir. 1987)). Plaintiff offers only indirect evidence to support her general arguments that (1) Plaintiff was more qualified than Gaines for the position; (2) Griffin deliberately avoided information showing Plaintiff was more qualified; (3) Griffin did not follow policy during the selection process; and (4) statistical evidence showed a general pattern of discrimination in Griffin's hiring practices. Plaintiff argues that the totality of the evidence creates an inference that Defendant's proffered reason for Plaintiff's non-selection is a pretext for discrimination. Defendant argues that Plaintiff's evidence is insufficient to overcome summary judgment.

The material inquiry is whether Plaintiff has produced evidence sufficient to raise a question of material fact as to whether Defendant's legitimate, nondiscriminatory reason for Plaintiff's non-selection "was not an honestly held belief but rather was subterfuge for

7

discrimination." Young v. Dillon Cos., Inc., 468 F.3d 1243, 1250 (10th Cir. 2006). The Court's duty is to look at the facts as they appear to the decision maker and to not "act as a 'super personnel department,' second guessing employers' honestly held (even if erroneous) business judgments." Id. Thus, the Court will not second guess the legitimacy of Defendant's decision to rely primarily on the candidates' resumes during the selection process. Plaintiff's assertion that Plaintiff was obviously more qualified than Gaines, even if accepted as true, is insufficient. "'The relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs.'" Hamilton v. Okla. City Univ., 563 F. App'x 597, 604 (10th Cir. 2014) (quoting Lobato v. N.M. Env't Dep't, 733 F.3d 1283, 1287 (10th Cir. 2013)). Plaintiff does not provide any evidence that Griffin did not actually believe Gaines' resume created a more favorable impression. Plaintiff's evidence[3] that Griffin failed to follow policy during the selection process also is insufficient to overcome summary judgment because Defendant "is not offering its procedures as a *reason* for its ultimate decision." Randle, 69 F.3d at 454. The Tenth Circuit has held that "[t]he mere fact that an employer failed to follow its own internal *procedures* does not necessarily suggest that the

---

[3] Although it is not material to the ultimate conclusion, the Court agrees with Defendant's argument that the testimony of Ralph De Juliis is inadmissible. After the completion of discovery, the Court issued an order that allowed Plaintiff to add De Juliis as a rebuttal witness and stated that "the Court will hold Plaintiff to that limited purpose." (Order, Dkt. No. 49, at 4.) In the Response to Defendant's Motion for Summary Judgment (Dkt. No. 44), Plaintiff relies on De Juliis' affidavit to prove that Griffin did not follow the policy procedures outlined in the SSA Merit Promotion Plan. De Juliis' testimony is clearly testimony by an expert witness under Fed. R. Evid. 702 and is inadmissible pursuant to the Court's order (Dkt. No. 49).

employer was motivated by illegal discriminatory intent or that the substantive reasons given by the employer for its employment decision were pretextual." Id. Finally, Plaintiff's proffered statistical evidence does not create an inference of discrimination because it fails to eliminate nondiscriminatory explanations for the disparity. See Rea v. Martin Marietta Corp., 29 F.3d 1450, 1456 (10th Cir. 1994) (citing Fallis v. Kerr-McGee Corp., 944 F.2d 743, 746 (10th Cir. 1991)). Plaintiff has failed to produce evidence of pretext upon which a jury could infer discriminatory motive—i.e., Plaintiff has failed to demonstrate that Defendant's assertion that Gaines' resume created a more favorable impression than Plaintiff's resume did is "unworthy of belief." Randle, 69 F.3d at 453. Thus, Plaintiff has failed to raise a question of material fact sufficient to prevent summary judgment.

C. Exhaustion of State Remedies

Defendant requests that the Court grant summary judgment in its favor regarding "other unidentified claims" Plaintiff might assert. (Def.'s Br., Dkt. No. 37, at 23.) In response, Plaintiff asserts that "[t]his action concerns the claim addressed in Plaintiff's Complaint, for non-selection for the TE position on October 5, 2012. To the extent Plaintiff were to have other claims, they are not brought here." (Pl.'s Resp., Dkt. No. 44, at 30.) Plaintiff is correct that this action pertains only to the claim stated in Plaintiff's Complaint (Dkt. No. 1). The Court has no basis to grant summary judgment on unidentified claims.

IV. CONCLUSION

Accordingly, Defendant's Motion and Brief for Summary Judgment (Dkt. Nos. 36 & 37) are GRANTED. The Court shall issue a separate judgment.

IT IS SO ORDERED this 22nd day of October, 2014.

ROBIN J. CAUTHRON
United States District Judge