IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMY BANDI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. CIV-13-1173-C |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the United States | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Review of Court Clerk's Denial of Witness Attendance Fee Costs (Dkt. No. 81). Plaintiff filed a Response (Dkt. No. 82). The motion is at issue.

Plaintiff filed suit against Defendant alleging that the Social Security Administration ("SSA") did not select Plaintiff for promotion because of her gender and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The Court granted judgment in Defendant's favor. (Order, Dkt. Nos. 63 & 64.) On November 3, 2014, Defendant filed its Bill of Costs (Dkt. No. 66), which included a request for the taxation of $120 in witness attendance fees for the appearances of three SSA employees at depositions conducted on behalf on Plaintiff. Plaintiff objected to the fees, arguing that recovery of the witness fees was improper because of the personal involvement of the SSA witnesses and because Defendant had provided no evidence that it paid the witnesses to appear. (Pl.'s Resp., Dkt. No. 67, at 6–7.) After conducting a costs hearing and reviewing the briefs and

supplemental filings, the Clerk ultimately denied recovery of the witness attendance fees. (Bill of Costs, Dkt. No. 80.)

The Court has the authority pursuant to Fed. R. Civ. P. 54(d) to review the Clerk's assessment of costs. The Court's review is a de novo determination. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 232-33 (1964), disapproved on other grounds by Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987). 28 U.S.C. § 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co., 482 U.S. at 441–42. One of the enumerated items is a witness attendance fee, set by 28 U.S.C. § 1821(b) at $40 per day. It is this fee that Defendant seeks to recover for each of the three SSA witnesses.

The Clerk denied the award of the witness attendance fees because Defendant "offered no evidence that it incurred the costs it seeks to recover." (Costs Taxed, Dkt. No. 80, at 3.) The Clerk further held that "[w]hether plaintiff should have tendered witness fees . . . to the SSA witnesses in conjunction with their depositions does not permit the government to recover such costs after the fact." (Id.) The Court agrees. Defendant argues that its employees provided services for which fees have been charged and that it has a right to recover those costs. Defendant, as the party seeking costs, bears the burden of establishing "the amount of compensable costs and expenses to which it is entitled." Allison v. Bank One-Denver, 289 F.3d 1223, 1248 (10th Cir. 2002). "Cost awards are bound by the constraints of section 1920, and, when challenged, a prevailing party must offer some reliable documentation or other proof that its bill of costs represents the allowable costs that it

2

*actually and necessarily incurred* during the litigation." Summit Tech., Inc. v. Nidek Co., Ltd., 435 F.3d 1371, 1381 (Fed. Cir. 2006) (emphasis added); see also 28 U.S.C. § 1924 (requiring the prevailing party to file an affidavit declaring that the items sought are correct and "necessarily incurred"). Defendant has provided time sheets showing that the three SSA witnesses were paid their normal government salary during the times of the depositions. (Def.'s Reply, Dkt. No. 71, Exs. 1-3.) However, the time sheets do not prove the attendance fees were "necessarily incurred" because it was Plaintiff's, not Defendant's, obligation to pay the attendance fees. Plaintiff was the party conducting the deposition. Furthermore, there is no evidence that Defendant would not have paid the employee witnesses their salaries even if Plaintiff had paid the attendance fees to the witnesses. Rule 54(d) codifies a long-established equitable rule in common law that the prevailing party is entitled to recover costs. Marx v. Gen. Revenue Corp., ___ U.S. ___, 133 S.Ct. 1166, 1172 n.3 (2013) (citing Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 387 (1884)). Its purpose is to reimburse or compensate the prevailing party. See Allison, 289 F.3d at 1248 ("[T]he burden is on the party seeking costs . . . to establish the amount of *compensable* costs and expenses.") (emphasis added); see also Crawford Fitting Co., 482 U.S. at 439 (characterizing a bill of costs as a request for "reimbursement"). Defendant's voluntary choice to pay the employee wages is not evidence that $120 costs in witness attendance fees were necessarily incurred, or that Defendant, within the equitable intent of Rule 54(d), is entitled to compensation thereof.

Accordingly, The Secretary's Motion for Review of Court Clerk's Denial of Witness Attendance Fee Costs (Dkt. No. 81) is DENIED.

IT IS SO ORDERED this 7th day of May, 2015.

*signature*

ROBIN J. CAUTHRON
United States District Judge